No. 13-55374

IN THE UNITED STATES COURT OF APPEAL
FOR THE NINTH CIRCUIT
_____

BRUCE LISKER,
Plaintiff and Appellee,

vs.

CITY OF LOS ANGELES, ANDREW MONSUE and HOWARD LANDREN,
Defendants and Appellants.
_____

*Appeal from United States District Court
For the Central District of California
Honorable A. Howard Matz, Judge Presiding
District Court Case No. 09-09374*
_____

APPELLANTS' MOTION TO STAY THE MANDATE
PENDING PETITION FOR CERTIORARI
(FRAP 41(d)(2); Ninth Circuit Rule 41-1)
_____

Michael N. Feuer, City Attorney,
St. Bar No. 111529x
AMY JO FIELD, Assistant City Attorney,
St. Bar No. 143827
200 North Main Street, CHE 600
Los Angeles, California 90012
Telephone: (213) 978-6929; FAX: (213) 978-8791
Amy.Field@lacity.org
Attorneys for Appellants Andrew Monsue and
Howard Landgren

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

INTRODUCTION ........................................................................................ 1

1. BACKGROUND ................................................................................ 1

2. LEGAL STANDARD ........................................................................ 2

3. ISSUANCE OF THE MANDATE SHOULD BE STAYED AS PETITION FOR CERTIORARI WOULD NOT BE FRIVOLOUS, OR FILED MERELY FOR DELAY. ................ 3

CONCLUSION ............................................................................................. 6

CERTIFICATE OF SERVICE ....................................................................... 7

i

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 41(d)(2) and Ninth Circuit Rule 41-1, Appellants, Andrew Monsue and Howard Landgren, move this Court for an Order Staying the Mandate in this case for 90 days pending their filing of a Petition for Writ of Certiorari with the United States Supreme Court. The Court should stay the mandate because the certiorari petition will not be frivolous and will not be filed for purposes of delay.

## 1. BACKGROUND

Plaintiff-Appellee, Bruce Lisker, claims Defendants-Appellants, retired Los Angeles Police Department Detectives Andrew Monsue and Howard Landgren, violated his due process right to a fair trial by fabricating evidence that led to his unfair trial, wrongful conviction, and 26-year incarceration. The allegedly fabricated evidence consists solely of the detectives' statements regarding their observations, interpretations, and evaluations of the physical evidence at the crime scene. The detectives made these allegedly false statements both in their police reports and in their testimony at the criminal proceedings.

The detectives filed an interlocutory appeal from the district court's denial of absolute witness immunity. On March 20, 2015, the panel filed a published opinion affirming the district court's denial of absolute witness immunity.

On May 14, 2015, the panel issued an order denying Appellants' Petition for Panel Rehearing and Rehearing en banc: "The panel has unanimously voted to deny the petition for panel rehearing. Judges Christen and Hurwitz have voted to deny the petition for rehearing en banc and Judge Sentelle so recommends. ¶ The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for panel rehearing and the petition for rehearing en banc are DENIED." (Dkt. No. 47.)

## 2. LEGAL STANDARD

Federal Rule of Appellate Procedure 41(d)(2) provides that the mandate may be stayed "pending the filing of a petition for writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a

2

substantial question and that there is good cause for the stay." Ninth Circuit Rule 41-1 provides that a stay pending petition to the Supreme Court will not be granted "as a matter of course, but will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay." Ordinarily, then, a party seeking a stay of the mandate following this court's judgment need not demonstrate that exceptional circumstances justify a stay." *Bryant v. Ford Motor Co.*, 886 F. 2d 1526, 1528-29 (9th Cir. 1989).

**3. ISSUANCE OF THE MANDATE SHOULD BE STAYED AS PETITION FOR CERTIORARI WOULD NOT BE FRIVOLOUS, OR FILED MERELY FOR DELAY.**

The petition for writ of certiorari is not frivolous and it will present a substantial question of law. In *Briscoe v. LaHue*, 460 U.S. 325 (1983) the Supreme Court held that a convicted person cannot assert a claim for damages against a police officer for giving perjured testimony at his criminal trial because a police officer is absolutely immune from damages liability. In *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012) the Supreme Court held that absolute witness immunity shields not only the false trial testimony, but also "preparatory activity, such a preliminary

3

discussion in which the witness relates the substance of his intended testimony" to the prosecutor. *Id.* at pp. 1506-07.

The parties agree the rule of absolute witness immunity set forth in *Briscoe v. LaHue* shields the detectives from civil liability based on their purportedly false testimony offered at the criminal trial. This case presents the issue of whether a criminal defendant, turned civil plaintiff, can avoid the absolute witness immunity bar by basing a denial of the due process right to a fair trial on the statements a police officer includes in a written police report regarding the officer's own observations, interpretations, and evaluations of the physical evidence at a crime scene when the reports are never offered as evidence at the criminal trial and only memorialize the substance of their eventual testimony.

The panel's opinion concluding that absolute witness immunity does not encompass a police officer's summary of the substance of their eventual testimony in their written police reports to the prosecutor eviscerates the absolute witness immunity rule. Police officers are obligated to write a report for the prosecutor summarizing their eventual testimony including the evidence they gathered and their own observations and their interpretations of the evidence. If these sorts of statements are not shielded by absolute witness immunity, it virtually

4

assures that no police officer will ever have absolute witness immunity – the immunity will always be circumvented by the use of their earlier written reports. Yet this is the impact of this panel's opinion. Appellants' contention is that their police reports are no different than "a preliminary discussion" where the officer relates "the substance of their [intended] testimony" to the prosecutor and are equally shielded by absolute witness immunity. *Rehberg v. Paulk, supra*, 132 S. Ct. at p. 1507.

Appellants are not seeking further review to delay the proceedings in this case. The potential exposure in this case is substantial and there is a good faith basis for Appellants to seek further review in the Supreme Court. If the mandate is not stayed, Appellants will need to seek a stay of the trial in the district court or risk losing the benefits and purpose of absolute witness immunity; avoiding the burdens and expense of defending themselves in a civil trial. On the other hand, Appellee will not be prejudiced by the staying the mandate for 90 days to allow Appellants time to file the petition for writ of certiorari. There is no good reason to deny the request to stay issuance of the mandate.

////

////

5

## CONCLUSION

For the foregoing reasons, Appellants' Petition for Writ of Certiorari would not be frivolous or filed for purposes of delay. Accordingly, this Court should grant this Motion to Stay the Mandate Pending the Filing of the Petition for Writ of Certiorari.

Dated: May 18, 2015

>Michael N. Feuer, City Attorney
>Amy Jo Field, Assistant City Attorney
>
>By_____/s/_____
>      Amy Jo Field
>Attorneys for Defendants and Appellants
>Andrew Monsue and Howard Landgren

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States of Appeal for the Ninth Circuit by using the appellate CM/ECF system on May 18, 2015.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Amy J. Field